UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Mark L. Hankin, (MH1824)
Hankin, Handwerker & Mazel, PLLC
7 Penn Plaza, Suite 904
New York, New York 10001
(212) 349-1668
Attorneys for Defendant(s)
World Class Demolition Corporation &
Maurizio Bordone,

------------------------------------------------------------------------------X
TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, ETC., ET AL.

          Plaintiff,    CASE NO.
                07-CV-03608

    -and-         ANSWER
                CROSS CLAIMS &
METRO DEMOLITION CONTRACTING CORP.,  DEMAND FOR
PHANTOM DEMOLITION CORP., WORLD CLASS  JURY TRIAL
DEMOLITION CORPORATION, VINCENT BORDONE AND
MAURIZIO BORDONE,

          Defendants.
------------------------------------------------------------------------------X

  Defendants, WORLD CLASS DEMOLITION CORPORATION and MAURIZIO BORDONE, by their attorneys, HANKIN, HANDWERKER & MAZEL, P.L.L.C., as and for their Answer, Cross claims and Demand for Jury Trial respectfully allege, as follows:

### **_NATURE OF THE ACTION AND JURISDICTION_**

  1.  Denies knowledge and/or information sufficient to form a belief as to those allegations contained in paragraphs "1", "2", "3" of the Complaint.

### **_PARTIES_**

  2.  Denies knowledge and/or information sufficient to form a belief as to those allegations contained in paragraphs "4", "5", "6", "7", "8", "9", "11", "12", and "14", of plaintiff's Complaint.

3. Denies each and every allegation in paragraph "15" of the Complaint but admits that Maurizio Bordone is an officer and shareholder of defendant World Class Demolition Corporation.

### PRIOR ACTION AGAINST METRO AND PHANTOM

4. Denies knowledge and/or information sufficient to form a belief as to those allegations contained in paragraphs "17, "18", "19", and "21", of plaintiff's Complaint.

5. Denies each and every allegation in paragraph "20" of the Complaint.

### AFFILIATION OF DEFENDANTS

6. Denies each and every allegation contained in paragraphs "22", "23", "25", "26", "27", "28", and "29" of the Complaint as same relates to the defendant World Class Demolition Corporation.

7. Denies knowledge and/or information sufficient to form a belief as to paragraph "24" of the Complaint and respectfully refers the interpretation of the terms of the Agreement(s) and Trust)s) to this Honorable Court.

8. Denies each and every allegation contained in paragraphs "30" and "31" of the Complaint as same relates to the defendant Maurizio Bordone.

### THE AGREEMENTS AND TRUSTS

9. Denies each and every allegation contained in paragraphs 32(a) through (h) as same relates to the defendant World Class Demolition Corporation who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

### REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

10. Denies each and every allegation contained in paragraphs "33", "34", "35" as same relates to the defendant World Class Demolition Corporation who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trusts and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

## ANSWER TO FIRST CLAIM FOR RELIEF
## (DEMAND FOR AUDIT)

11. Defendants World Class Demolition Corporation and Maurizio Bordone repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "36" of the Complaint.

12. Denies each and every allegation contained in paragraphs "37", "38" and "39" as same relates to the defendant World Class Demolition Corporation who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trusts and respectfully refers the interpretation of said Agreement(s) and Trusts to this Honorable Court.

## ANSWER TO SECOND CLAIM FOR RELIEF
## (FRINGE BENEFIT CONTRIBUTION)

13. Defendants World Class Demolition Corporation and Maurizio Bordone repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "40" of the Complaint.

-3-

14. Denies each and every allegation contained in paragraphs "41", "42", "43" and "44" as same relates to the defendant World Class Demolition Corporation who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

### ANSWER TO THIRD CLAIM FOR RELIEF
### (CHECKOFFS AND PAC CONTRIBUTIONS)

15. Defendants World Class Demolition Corporation and Maurizio Bordone repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "45" of the Complaint.

16. Denies each and every allegation contained in paragraphs "46", "47", "48" and "49" as same relates to the defendant World Class Demolition Corporation who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

### ANSWER TO FOURTH CLAIM FOR RELIEF
### (ALTER EGO- WORLD CLASS DEMOLITION CORPORATION)

17. Defendants World Class Demolition Corporation and Maurizio Borodne repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "50" of the Complaint.

18. Denies each and every allegation contained in paragraphs "51", "52", "53", and

-4-

"54" as same relates to the defendant World Class Demolition Corporation who are not signatories to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

### ANSWER TO FIFTH CLAIM FOR RELIEF
### (PIERCING CORPORATE VEIL-BORDONE)

19. Defendants World Class Demolition Corporation and Maurizio Bordone repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "55" of the Complaint.

20. Denies each and every allegation contained in paragraphs "56", "57", "60", "61", "62", "63", "65" and "66" as same relates to the defendant Maurizio Bordone who is not a signatory to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

21. Denies knowledge and/or information sufficient to forma belief as to paragraphs "58" and "64" of the Complaint as same relates to defendants World Class Demolition Corporation and Maurizio Bordone.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
## (INJUNCTIVE RELIEF)

22. Defendants World Class Demolition Corporation and Mauricio Bordone repeat, reiterate and reallge each and every admission, denial and/or denial upon knowledge and/or information previously set forth herein with respect to paragraph "67" of the Complaint.

23. Denies each and every allegation contained in paragraphs "68", "69" and "72" as same relates to the defendants World Class Demolition Corporation and Maurizio Bordone who are not signatories to the alleged Agreement(s) and Trust(s) nor bound by said Agreement(s) and Trust(s) and respectfully refers the interpretation of said Agreement(s) and Trust(s) to this Honorable Court.

24. Denies each and every allegations contained in paragraphs "70" and "71" of the Complaint.

## AS AND FOR A FIRST SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

25. The Complaint fails to state a claim upon which relief can be granted against these answering defendants.

## AS AND FOR A SECOND SEPARATE AND DINSTINCT
## AFFIRMATIVE DEFENSE

26. The Complaint is barred by the statue of frauds pursuant to General Obligations Law Section 5-701 *et seq.* of the Laws of the State of New York.

### *AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

27. The Complaint is barred as untimely and in violation of the statute of limitations pursuant to 29 U.S.C. Section 1145 and the Civil Practice Laws and Rules of the State of New York.

### *AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

28. The Complaint fails to state a claim against these answering defendants who are not and were not signatories to the alleged Agreement(s) and/or Trust(s) and therefore, not bound by their alleged terms as set forth in the Complaint.

### *AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

29. The Complaint fails to state a claim against the defendant World Class Demolition Corporation in that they are not the alter ego nor a part of any enterprise involving the co-defendants as alleged in the Complaint.

### *AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

30. The Complains fails to state a claim against the defendant Maurizio Bordone in that he acted at all times, with respect to the allegations in the Complaint, as an officer, and director of the defendant World Class Demolition Corporation solely and never in his individual capacity or as part of an enterprise as alleged in the Complaint.

### *AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

31.     The Complaint fails to state a claim for equitable and/or injunctive relief as plaintiff has and had an adequate remedy at law *i.e.,* judgment for money damages previously obtained in a separate action in this Court.

### *AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE*

32.     The Complaint is barred based upon the doctrine of waiver and estoppel in that the plaintiff had previously elected its remedy of obtaining a money judgment against the defendant Metro and Phantom as alleged in the Complaint herein.

### AS AND FOR A FIRST CROSS CLAIM AS AGAINST DEFENDANT METRO DEMOLITION CONTRACTING CORP.

33.     The allegations in the Complaint, if sustained against these answering defendants, were the result of the actions, breach of contract and/or omissions of the defendant Metro solely. Accordingly, these answering defendants demand complete indemnity and/or partial contribution from the defendant Metro for all damages obtained by the plaintiff herein as a result of their actions.

### AS AND FOR A SECOND CROSSCLAIM AS AGAINST DEFENDANT PHANTOM DEMOLITION CORP.

34.     The allegations in the Complaint, if sustained against these answering defendants, were the result of the actions, breach of contract and/or omissions of the defendant Phantom solely. Accordingly, these answering defendants demand complete

indemnity and/or partial contribution from the defendant Phantom for all damages obtained by the plaintiff herein as a result of their actions.

### AS AND FOR A THIRD CROSS CLAIM AS AGAINST DEFENDANT VINCENT BORDONE

35.     The allegations in the Complaint, if sustained against these answering defendants, were the result of the actions, breach of contract and/or omissions of the defendant Vincent Bordone solely. Accordingly, these answering defendants demand complete indemnity and/or partial contribution from the defendant Vincent Bordone for all damages obtained by the plaintiff herein as a result of their actions.

### *JURY DEMAND*

36.     Defendants World Class demolition Corporation and Maurizio Bordone, demand a jury trial on all issues alleged in the Complaint herein.

WHEREFORE, defendants World Class Demolition Corporation and Maurizio Bordone, demand judgment dismissing the Complaint and in the alternative, on their cross claim against the defendants for all or part of any claims sustained against these answering defendants and for the costs and disbursements of this action including, but not limited to, reasonable counsel fees.

Dated: New York, New York
      July 9, 2007

                Yours, etc.

                Hankin, Handwerker & Mazel, PLLC
                Attorney for Defendants
                World Class Demolition Corporation
                And Maurizo Bordone

                By: /s/ Mark L. Hankin
                      Mark L. Hankin, Esq. (MLH1824)
                7 Penn Plaza, Suite 904
                New York, New York 10001
                Tel No. (212) 349-1668
                Fax No. (212) 227-7317
                E-mail: mhankin@hhmlegal.com

TO:

Proskauer Rose LLP
1585 Broadway
New York, New York 10036

U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10013
Honorable Judge Marrero

Metro Demolition Contracting Corp
5514 Grand Avenue
Maspeth, New York 11378

Phantom DemolitionCorp.
5514 Grand Avenue
Maspeth, New York 11378

Vincent Bordone
30 Whitney Circle
Glen Cove, New York 11542