PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

sschneider@proskauer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager
Robert Bonanza,

                    Plaintiffs,

- against -

METRO DEMOLITION CONTRACTING CORP.,
PHANTOM DEMOLITION CORP., WORLD
CLASS DEMOLITION CORPORATION,
VINCENT BORDONE and MAURIZIO
BORDONE,

                    Defendants.
-----------------------------------------------------------------X

07 Civ. 3608 (VM)

**AFFIDAVIT OF SALLY L. SCHNEIDER IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANTS METRO DEMOLITION CONTRACTING CORP., PHANTOM DEMOLITION CORP. and VINCENT BORDONE**

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NEW YORK  )

      Sally L. Schneider, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice before this Court.
2. I am an associate in the law firm of Proskauer Rose LLP, attorneys for plaintiffs, and I am fully familiar with the facts of this case.

3.     This affidavit is made in support of plaintiffs' motion for judgment by default against defendants Metro Demolition Contracting Corp. ("Metro"), Phantom Demolition Corp. ("Phantom") and Vincent Bordone, and in support of plaintiffs' application for costs and attorneys' fees.

4.     This action was commenced by the filing of a summons and complaint in this Court on May 7, 2007. True copies of the summons and complaint are attached hereto as Exhibit A.

5.     On May 10, 2007, Deborah LaPointe, a licensed process server who is over the age of 18 years and is not a party to this action, served true copies of the summons and complaint upon defendant Metro by personal service on Donna Christie, an agent of the Secretary of State of the State of New York, and paid the statutory $40.00 fee, pursuant to section 306 of the Business Corporation Law of the State of New York. Ms. LaPointe's Affidavit of Service was filed with the Court on May 14, 2007. A true copy of Ms. LaPointe's Affidavit is attached hereto as Exhibit B.

6.     On May 10, 2007, Deborah LaPointe, a licensed process server who is over the age of 18 years and is not a party to this action, served true copies of the summons and complaint upon defendant Phantom by personal service on Donna Christie, an agent of the Secretary of State of the State of New York, and paid the statutory $40.00 fee, pursuant to section 306 of the Business Corporation Law of the State of New York. Ms. LaPointe's Affidavit of Service was filed with the Court on May 14, 2007. A true copy of Ms. LaPointe's Affidavit is attached hereto as Exhibit C.

7.     On May 9, 2007, Nelson Carvajal, a licensed process server who is over the age of 18 years and is not a party to this action, served true copies of the summons and complaint upon defendant Vincent Bordone by personally delivering the same to Joseph Kunzennan, a person of suitable age and discretion, at said defendant's actual place of business. On May 10, 2007, Nelson Carvajal mailed true copies of the summons and complaint to defendant Vincent Bordone his actual place of business in an envelope bearing the legend "Personal and Confidential". Mr. Carvajal's Affidavit of Service was filed with the Court on May 14, 2007. A true copy of Mr.Carvajal's Affidavit is attached hereto as Exhibit D.

8. I have met with and spoken with defendant Vincent Bordone a number of times during the past few years and he is not an infant or an incompetent or in the military service of the United States or any state thereof.

9. Defendants Metro, Phantom and Vincent Bordone have failed to answer, appear or otherwise defend in this action within the time period permitted by law.

10. The amount of costs set forth in the Statement of Damages attached hereto as Exhibit E is justly due and owing and no part thereof has been paid to plaintiffs. Those costs consist of the following items and amounts:

    a. Filing fee paid to the Clerk of the Court for the Southern District of New York - $350.00

    b. Statutory fees paid to the New York Secretary of State in connection with service upon Metro and Phantom of the summons and complaint (as reflected in Exhibits B and C, the LaPointe Affidavits) - $ 80.00

    Total: $430.00

11. Jurisdiction of this Court is invoked pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §§ 1132 and 1145), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. §185), and principles of pendent jurisdiction.

12. Pursuant to the Collective Bargaining Agreements ("Agreements") between defendants and plaintiff Mason Tenders District Council of Greater New York ("Union"), to which plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund ("Funds") are third-party beneficiaries, and the Funds' trust agreements, this action seeks, *inter alia*:

    a. An order directing defendants Metro, Phantom and Vincent Bordone to permit and cooperate in the conduct of an audit of the books and records of Metro and Phantom for the period January 1, 2005 through the date of entry of the judgment, for the purpose of ascertaining the amount of fringe benefit contributions, dues checkoffs and PAC contributions due to plaintiffs for said period;

    b. Recovery of fringe benefit contributions due plaintiffs Funds from defendants Metro, Phantom and Vincent Bordone, in an amount to be determined by the

aforesaid audit, together with interest, liquidated damages, reasonable attorneys' fees, costs and disbursements provided for by 29 U.S.C. § 1132 and the Agreements, and such other relief as this Court may deem just and appropriate; and

    c. Recovery of unremitted dues checkoffs and Political Action Committee ("PAC") contributions deducted from the wages paid to employees who authorized such deductions in writing, due plaintiff Union from defendants Metro, Phantom and Vincent Bordone, in an amount to be determined by the aforesaid audit, and interest thereon pursuant to New York C.P.L.R. § 5001, *et seq.*

  13. This action also seeks recovery from defendant Vincent Bordone of the prior judgments entered against defendants Metro and Phantom as a result of defendant Vincent Bordone's domination and control of the assets, finances and business of Metro and Phantom, disregarding generally accepted business practices, and aiding and abetting Metro and Phantom in evading their obligations to plaintiffs. Copies of the prior judgments entered against defendants Metro and Phantom for delinquencies owed for the audited period January 1, 2003 through December 28, 2004 are attached hereto as Exhibit F.

  14. As set forth in the accompanying Affidavit of Dominick Giammona, the aforesaid prior judgments have not been paid, and the Funds have been unable to conduct an audit of the books and records of Metro and Phantom for the period January 1, 2005 to date.

  15. Upon information and belief, there is no just reason for delay of entry of a judgment against defendants Metro, Phantom and Vincent Bordone.

Attorneys' Fees

  16. Proskauer Rose LLP, a large New York law firm with over 700 attorneys, has, for many years, successfully represented its clients in numerous ERISA and employment-related cases. I have been prosecuting actions for the recovery of employee benefits on behalf of the plaintiffs for more than seventeen (17) years.

  17. During the course of this case, I acted as lead counsel with the assistance of employees from the firm's Managing Clerk's office who assisted with Court filings.

  18. The firm bills the Mason Tenders Funds at blended rates for all attorney work. From January 1, 2007 to date, the rate is $395 per hour for all work performed by associates and $495 per hour for work performed by partners and senior counsel. Because a significant amount

of time is expended in counseling the Funds by attorneys with billing rates well in excess of the blended rates, this results in a discount for the Funds when compared to the firm's usual rates. For the purposes of this application, plaintiffs seek an award at the rate of $395 an hour for the work performed by me, Sally L. Schneider, because my time is typically billed above this blended rate. For services rendered by our Managing Clerk, the hourly fee charged was $135.00 per hour.

19. I expended 24.25 hours of work on this case with respect to defendants Metro, Phantom and Vincent Bordone, and the litigation support department expended 1.25 hours of work on this case. After adjusting the hourly rates in the manner described above, plaintiffs calculated the lodestar by multiplying the hourly billing rates sought by the adjusted number of hours for which plaintiffs seek reimbursement. Based on the aforementioned calculations, plaintiffs are seeking attorneys' fees in the amount of $9,771.25. All of the services provided are described in the contemporaneous time records annexed hereto as Exhibit G. Descriptions of the work performed are entered into Proskauer Rose LLP's computer system contemporaneously with the performance of the work and are maintained in the ordinary course of business by Proskauer Rose LLP.

20. Each billing entry on the annexed time records was reviewed on a monthly basis before being submitted to plaintiffs to determine that the time charges were accurate, reasonable and necessarily incurred in the prosecution of this action. Additionally, the billing entries were again reviewed in connection with this application and all appropriate redactions (including any work performed and corresponding time spent that relates solely to defendants World Class Demolition Corporation and Maurizio Bordone) have been made.

21. No prior request has been made for the relief sought herein.

22. As set forth in the proposed Default Judgment attached hereto as Exhibit H, plaintiffs seek judgment against defendants Metro, Phantom and Vincent Bordone as follows:

    a.    for an Order directing defendants Metro, Phantom and Vincent Bordone, jointly and severally, to produce the books and records of Metro and Phantom and permit and cooperate in the conduct of an audit for the period January 1, 2005 through the date of entry of judgment;

    b.    against defendants Metro, Phantom and Vincent Bordone, jointly and severally, for fringe benefit contributions due for the period January 1,

        2005 to the date of judgment, in an amount to be determined by an audit of the books and records of Metro and Phantom;

c. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, for interest on the unpaid fringe benefit contributions, computed from the date such contributions were due until the present, at the rate prescribed by 29 U.S.C. § 1132(g)(2)(B);

d. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, for liquidated damages on the unpaid fringe benefit contributions, computed from the date such contributions were due until the present, at the rate prescribed by 29 U.S.C. § 1132(g)(2)(C);

e. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, for dues checkoffs and PAC contributions due for the period January 1, 2005 to the date of judgment, in an amount to be determined by an audit of the books and records of Metro and Phantom;

f. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, for interest on the unremitted dues checkoffs and PAC contributions, computed from the date such remittances were due until the present, at the rate prescribed by New York C.P.L.R. § 5004;

g. against defendant Vincent Bordone in the amount of $732,631.15 for the prior judgments entered against defendants Metro and Phantom;

h. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, in the amount of $430.00 for costs, pursuant to 29 U.S.C. § 1132(g)(2)(D); and

i. against defendants Metro, Phantom and Vincent Bordone, jointly and severally, in the amount of $9,771.25 for attorneys' fees as set forth above, pursuant to 29 U.S.C. § 1132(g)(2)(D).

    WHEREFORE, plaintiffs respectfully request this Court to enter judgment in their favor (a) directing defendants Metro, Phantom and Vincent Bordone to permit and cooperate in the conduct of an audit of all the books and records of Metro and Phantom for the period January 1, 2005 through the date of entry of judgment; (b) against defendant Vincent Bordone in the liquidated amount of $732,631.15; (c) against defendants Metro, Phantom and Vincent Bordone, jointly and severally, in the liquidated amount of $10,201.25 for costs and attorneys' fees, plus such additional amounts found to be due and owing pursuant to the aforesaid audit of the books

and records of Metro and Phantom; and (d) that this Court issue an Order permitting plaintiffs to amend the judgment to include the additional amounts determined to be due and owing by the aforesaid audit, together with interest, liquidated damages, audit costs, and further costs and attorneys' fees upon fifteen (15) days written notice to defendants Metro, Phantom and Vincent Bordone.

                                            Sally L. Schneider

Sworn to before me this
25th day of April, 2008

Notary Public

JOAN D. RUMM
Notary Public, State of New York
No. 01RU3400450
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Jan. 31, 2010