PROSKAUER ROSE LLP
Sally L. Schneider (SS-0909)
1585 Broadway
New York, New York 10036
(212) 969-3803

**MEMO ENDORSED**

P3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager
Robert Bonanza,

                             Plaintiffs,

- against -

METRO DEMOLITION CONTRACTING CORP.
and PHANTOM DEMOLITION CORP.,

                             Defendants.
-----------------------------------------------------------X

04 Civ. 6629 (RMB) [ECF Case]

#05,2093

JUDGMENT ON CONSENT
AGAINST DEFENDANT METRO
DEMOLITION CONTRACTING CORP.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/05

**RICHARD M. BERMAN, District Judge:**

      WHEREAS plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund ("Funds") and the Mason Tenders District Council of Greater New York ("Union"), commenced the above-captioned action ("Action") against defendant Metro Demolition Contracting Corp. ("Metro Demo") under the Employee Retirement Income Security Act, as amended (29 U.S.C. §1001, *et seq.*) ("ERISA") and the Labor-Management Relations Act (29 U.S.C. §185), to recover unpaid fringe benefit contributions, tier violation contributions, and unremitted dues checkoffs and PAC contributions owed to the Funds and the Union pursuant to Metro Demo's collective bargaining agreements and the Funds' trust agreements, and to recover interest, liquidated

damages, audit costs, reasonable attorneys' fees, and other costs and disbursements pursuant to the aforesaid agreements and ERISA; and

WHEREAS the Funds, the Union and Metro Demo agree that, in order to minimize further legal fees and costs and the additional expenses that would necessarily be incurred in continued litigation of the claims against Metro Demo, it is in the best interests of Metro Demo to enter into this Judgment on Consent; and

WHEREAS the persons signing on behalf of the Funds and the Union and defendant Metro Demo, respectively, represent and warrant that they are authorized to execute this Judgment on Consent, and by their signatures bind plaintiffs and defendant Metro Demo, respectively, to all the terms of this Judgment on Consent; and

WHEREAS upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Judgment on Consent; and

WHEREAS defendant Metro Demo, after due consideration and having been fully advised of its contents, has consented to the entry of this Judgment.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in favor of plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and the Mason Tenders District Council of Greater New York and against defendant Metro Demolition Contracting Corp. in the liquidated amount of $732,631.15, which amount includes: $555,722.34 for the balance of fringe benefit contributions, tier violation contributions, dues checkoffs and PAC contributions owed for the audited period January 1, 2003 through December 28, 2004; interest in the amount of $59,130.28; liquidated damages in the amount of $59,130.28; audit fees in the amount of $12,889.00 owed for the audited period January 1, 2003 through December 28, 2004; and reasonable attorneys' fees and costs as of September 30, 2005 in the amount of $45,759.25; and

2. This Judgment on Consent shall be binding upon plaintiffs and defendant Metro Demo, and their respective assignees, administrators, affiliates, successors and assigns; and

3. The Court shall retain jurisdiction over the Action.

CONSENTED TO BY:

FOR THE PLAINTIFFS:

By: _____
Sally L. Schneider (SS-0909)
Proskauer Rose LLP
Attorneys for Plaintiffs
1585 Broadway
New York, New York 10036
(212) 969-3803

10-21-05
Date

FOR DEFENDANT METRO DEMO:

By: _____
Donald C. Moss (DM-1946)
Moss & Moss LLP
Attorneys for Defendant Metro Demo
170 East 61st Street, Second Floor
New York, New York 10021
(212) 644-1000

24 Oct 05
Date

DATED: New York, New York
_____10/21_____, 2005

_____RMB_____
Richard M. Berman,
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

3

PROSKAUER ROSE LLP
Sally L. Schneider (SS-0909)
1585 Broadway
New York, New York 10036
(212) 969-3803

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager
Robert Bonanza,

                Plaintiffs,

- against -

METRO DEMOLITION CONTRACTING CORP.
and PHANTOM DEMOLITION CORP.,

                Defendants.
-------------------------------------------------------------X

04 Civ. 6629 (RMB) [ECF Case]

**DEFAULT JUDGMENT
AGAINST DEFENDANT
PHANTOM DEMOLITION CORP.**

**RICHARD M. BERMAN, District Judge:**

      This action having been commenced by the filing of a summons and complaint on August 16, 2004, and an amended summons and amended complaint having been filed on October 12, 2004, and true copies of the amended summons and amended complaint having been served upon defendant Phantom Demolition Corp. ("Phantom") on October 13, 2004, and defendant Phantom having interposed an Answer on November 2, 2004, and a Judgment on Consent in favor of plaintiffs and against defendant Metro Demolition Contracting Corp. having been entered in the above-captioned action on October 21, 2005, and counsel for defendant Phantom having filed a Motion to Withdraw as Attorneys for defendant Phantom on

November 15, 2005 (the "Motion"), and a hearing on the Motion having been held on December 15, 2005, and the Court having denied the Motion without prejudice to renew and having directed Phantom to retain new counsel and appear with new counsel before the Court on January 11, 2006, and Phantom, by its Vice President, having appeared before the Court on January 11, 2006 and having advised the Court that it does not have and will not be retaining new counsel, and the Court having advised Phantom that it cannot proceed *pro se* and must be represented by counsel (*see, e.g., Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986)), and granting Phantom additional time to retain new counsel and directing Phantom to appear before the Court on January 30, 2006 with new counsel and further directing that if Phantom fails to have new counsel by January 30, 2006 the Court shall enter a default against Phantom, and Phantom having appeared by phone (MR. Bordone) before the Court on January 30, 2006 and again having advised the Court that it will not be retaining new counsel, and the Court having granted the Motion and having entered a default against Phantom and having directed plaintiffs to submit a default judgment, there is no just reason to delay the entry of an order dismissing defendant Phantom's Answer with prejudice and the entry of a judgment by default against defendant Phantom.

NOW THEREFORE, IT IS HEREBY

**ORDERED AND DECREED** that the Answer of defendant Phantom Demolition Corp. is hereby stricken with prejudice; and it is

**ORDERED AND ADJUDGED** that plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and the Mason Tenders District Council of Greater New York have judgment against defendant Phantom Demolition Corp. in the liquidated amount of $732,631.15, which amount includes: $555,722.34 for the balance of fringe benefit contributions, tier violation contributions, dues checkoffs and PAC contributions owed for the audited period January 1, 2003 through December 28, 2004; interest in the amount of $59,130.28; liquidated damages in the amount of $59,130.28; audit fees in the amount of $12,889.00 owed for the audited period January 1, 2003

through December 28, 2004; and reasonable attorneys' fees and costs as of September 30, 2005 in the amount of $45,759.25.

DATED: New York, New York
       January 30, 2006

                                              *RMB* (signed)
                                        _____
                                          Richard M. Berman,
                                        United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-06
```

3