PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

sschneider@proskauer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES of the MASON TENDERS      :
DISTRICT COUNCIL WELFARE FUND,     :
PENSION FUND, ANNUITY FUND and     :   07 Civ. 3608 (VM)
TRAINING PROGRAM FUND,             :
                                   :
           and                     :
                                   :
MASON TENDERS DISTRICT COUNCIL OF  :
GREATER NEW YORK, by its Business Manager  :  **DEFAULT JUDGMENT AGAINST**
Robert Bonanza,                    :  **DEFENDANTS METRO DEMOLITION**
                                   :  **CONTRACTING CORP., PHANTOM**
           Plaintiffs,             :  **DEMOLITION CORP. and VINCENT**
                                   :  **BORDONE**
    - against -                    :
                                   :
METRO DEMOLITION CONTRACTING CORP.,:
PHANTOM DEMOLITION CORP., WORLD    :
CLASS DEMOLITION CORPORATION,      :
VINCENT BORDONE and MAURIZIO       :
BORDONE,                           :
                                   :
           Defendants.             :
-----------------------------------------------------------------X

    This action having been commenced by the filing of a summons and complaint on May 7, 2007, and true copies of the summons and complaint having been served upon defendant Metro Demolition Contracting Corp. and upon Phantom Demolition Corp. on May 10, 2007 by Deborah LaPointe, a licensed process server, by service upon Donna Christie, an agent of the Secretary of State of the State of New York, pursuant to section 306 of the Business Corporation Law of the State of New York, and true copies of the summons and complaint having been served upon defendant Vincent Bordone on May 9, 2007 by Nelson Carvajal, a licensed process server, by

personally delivering true copies thereof to Joseph Kunzennan, a person of suitable age and discretion, at said defendant's actual place of business, and mailing true copies thereof on May 10, 2007 to defendant Vincent Bordone his actual place of business in an envelope bearing the legend "Personal and Confidential", and proofs of service having been filed with the Court on May 14, 2007, and said defendants having failed to answer, appear or otherwise defend in this action within the time permitted by law, there is no just reason to delay the entry of a judgment by default against defendants Metro Demolition Contracting Corp., Phantom Demolition Corp. and Vincent Bordone.

NOW, on motion of Proskauer Rose LLP, attorneys for plaintiffs, by Sally L. Schneider, Esq., it is

**ORDERED, ADJUDGED AND DECREED** that defendants Metro Demolition Contracting Corp., Phantom Demolition Corp. and Vincent Bordone permit and cooperate in the conduct of an audit of all the books and records of Metro Demolition Contracting Corp. and Phantom Demolition Corp. including, but not limited to, all payrolls and payroll sheets, payroll ledgers, computer payroll printouts, daily time records, job location records, Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S, 1065 or 1040 Schedule C, State payroll tax forms WRS-2 or NYS-45 (NY) and WR30 (NJ), cash disbursement journals, purchase journals, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, ledgers, vouchers, verification of work outside the geographic jurisdiction of the Mason Tenders District Council of Greater New York, evidence of unemployment insurance contributions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll, as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related company of defendants doing bargaining unit work, for the period January 1, 2005 through the date of entry of this judgment, within thirty (30) days after service of a copy of this judgment, pursuant to the Collective Bargaining Agreements between defendants and plaintiff Union; and it is

**ORDERED AND ADJUDGED** that plaintiffs, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and Mason Tenders District

Council of Greater New York, have judgment against defendant Vincent Bordone in the liquidated amount of $732,631.15; and it is

**ORDERED AND ADJUDGED** that plaintiffs, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and Mason Tenders District Council of Greater New York, have judgment against defendants Metro Demolition Contracting Corp., Phantom Demolition Corp. and Vincent Bordone, jointly and severally, in the liquidated amount of $10,201.25 for costs and attorneys' fees; and it is

**ORDERED AND ADJUDGED** that plaintiffs, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and Mason Tenders District Council of Greater New York, have judgment against defendants Metro Demolition Contracting Corp., Phantom Demolition Corp. and Vincent Bordone, jointly and severally, in such other and further amounts found to be due and owing pursuant to the aforesaid audit, together with interest, liquidated damages, audit costs, and further attorneys' fees and costs; and it is

**ORDERED AND ADJUDGED** that plaintiffs, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and Mason Tenders District Council of Greater New York, may amend this judgment to include the amounts determined to be due and owing by the aforesaid audit, together with interest, liquidated damages, audit costs, and further attorneys' fees and costs upon fifteen (15) days written notice to defendants Metro Demolition Contracting Corp., Phantom Demolition Corp. and Vincent Bordone.

Dated:   New York, New York
         _____, 2008

Hon. Victor Marrero,
United States District Judge