PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

sschneider@proskauer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager
Robert Bonanza,

                                     Plaintiffs,

                  - against -

METRO DEMOLITION CONTRACTING CORP.,
PHANTOM DEMOLITION CORP., WORLD
CLASS DEMOLITION CORPORATION,
VINCENT BORDONE and MAURIZIO
BORDONE,

                                   Defendants.
------------------------------------------------------------------X

07 Civ. 3608 (VM)

**AFFIDAVIT OF DOMINICK GIAMMONA IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANTS METRO DEMOLITION CONTRACTING CORP., PHANTOM DEMOLITION CORP. and VINCENT BORDONE**

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

        Dominick Giammona, being duly sworn, states:

        1.     I am the Manager of the Contributions & Delinquency Department of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program

Fund (the "Funds"). I have been employed by the Funds since November 1988, and I am fully familiar with the facts in the above-captioned action.

2. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements and trust agreements in accordance with section 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5) and (c)(6)).

3. The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

4. The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union"). The Funds are third-party beneficiaries of the collective bargaining agreements.

5. My responsibilities include, among other things, coordination with the Funds' outside independent auditors and legal counsel to ensure that payroll compliance audits of employers' books and records are conducted, as required by the Funds' trust agreements and the collective bargaining agreements executed by individual employers and by employer associations with the Union, and that payments of fringe benefit contributions, dues checkoffs and PAC contributions owed by signatory and bound employers are received and credited.

6. The collective bargaining agreements executed by individual employers and by employer associations with the Union require signatory and bound employers to submit monthly reports to the Funds and to pay fringe benefit contributions, dues checkoffs and PAC contributions each month for all hours worked by the employers' employees who perform work within the trade and geographic jurisdictions of the Union and, for employers bound by interior and/or total demolition agreements, to pay contributions to the Funds when they have engaged in substantial violations of the contractually required Tier A and Tier B worker ratios. The collective bargaining agreements also require employers to permit and cooperate in the conduct of audits of their books and records, and to pay the costs of the audits if they are substantially delinquent in the payment of

required fringe benefit contributions. The Agreements define "substantially delinquent" as any deficiency in the payment of fringe benefit contributions to the Funds in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit.

7. Payroll compliance audits are conducted in the ordinary course of business of the Funds by outside independent auditors retained by the Funds.

8. The purpose of the payroll compliance audits is to verify that signatory and bound employers have fully complied with their reporting and payment obligations and, if they have not, to determine the amount of fringe benefit contributions, dues checkoffs and/or PAC contributions that are owed on behalf of the employees who have performed work within the Union's trade and geographic jurisdictions. The audits also verify if an employer is in compliance with the contractually required Tier A and Tier B worker ratios and, if not and there is a substantial violation, the audits determine the amount of benefits and wages that the employer should have paid but did not pay and must therefore contribute to the Funds.

9. I am familiar with defendants Metro Demolition Contracting Corp. ("Metro"), Phantom Demolition Corp. ("Phantom") and Vincent Bordone.

10. Metro is a member of the Interior Demolition Contractors Association (the "IDCA"), one of the employer associations that has negotiated and executed collective bargaining agreements with the Union (the "Agreements"). As a member of the IDCA, Metro is bound by the Agreements.

11. I am familiar with the terms and conditions of the Agreements. A true copy of the IDCA agreement in effect for the period July 1, 2004 through June 30, 2009 is attached hereto as Exhibit A.

12. I am also aware that in a prior action in this Court entitled *Trustees of the Mason Tenders District Council Welfare Fund, et al. v. Metro Demolition Contracting Corp. and Phantom Demolition Corp.*, 04 Civ. 6629 (RMB), the Funds and the Union obtained judgments against defendants Metro and Phantom for delinquencies owed for bargaining unit work performed by their employees, as determined by an audit covering the period January 1, 2003 through December 28, 2004.

13. Based upon the Funds' records, no part of those judgments has been paid.

14. Additionally, although the Agreements require Metro and Phantom to permit and cooperate in the conduct of audits, the Funds have been unable to conduct an audit of the books and records of Metro or Phantom for the period January 1, 2005 to date because Metro and Phantom have failed to permit access to their books and records.

*[signature]*
Dominick Giammona

Sworn to before me this
25th day of April, 2008

*[signature]*

ID Number -01C06183818
Deana Colon
County, Queens
Notary Public
Expires 3/31/2012